JUDICIAL PANEL ON MULTIDISTRICT LITIGATION FILED DEC -4 1990 PATRICIA D. HOWARD CLERK OF THE PANEL

(1)

DOCKET NO. 864

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE DONALD J. TRUMP CASINO SECURITIES LITIGATION*

BEFORE JOHN F. NANGLE, CHAIRMAN, ROBERT H. SCHNACKE,** FRED DAUGHERTY, S. HUGH DILLIN, MILTON POLLACK,** LOUIS H. POLLAK AND HALBERT O. WOODWARD, JUDGES OF THE PANEL

1:90mc 919 (JFG)

TRANSFER ORDER

This litigation presently consists of four actions pending in three districts as follows: two actions in the District of New Jersey and one action each in the Eastern and Southern Districts of New York.[1/] Before the Panel is a motion, pursuant to 28 U.S.C. §1407, brought by plaintiff in one of the New Jersey actions seeking centralization of the four actions in the District of New Jersey for coordinated or consolidated pretrial proceedings. All responding parties except plaintiffs in the Eastern District of New York action support transfer. The Eastern and/or Southern Districts of New York are favored by many of the responding parties over the District of New Jersey as transferee forum.

FILED DEC 6 1990 At 8:30 WILLIAM T. WALSH CLERK

On the basis of the papers filed and the hearing held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the District of New Jersey will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions are brought as securities class actions on behalf of holders of bonds of one or more of three New Jersey casinos controlled by Donald J. Trump (Trump). In all actions, plaintiffs allege misrepresentations or omissions concerning Trump's net worth and the ability of the bond issuers to service the debt on the bonds. Centralization under Section 1407 is thus necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings

---

* Upon review of the pleadings and oral argument in this docket, the Panel has concluded that this title is more descriptive of this litigation than the original title in this docket, "In re Donald J. Trump Securities Litigation."

** Judges Schnacke and Pollack took no part in the decision of this matter.

1/ The Panel has been advised of the pendency of three recently filed related actions in the Eastern and Southern Districts of New York. These three actions will be treated as potential tag-along actions. *See* Rules 12 and 13, R.P.J.P.M.L., 120 F.R.D. 251, 258-59 (1988).

A CERTIFIED TRUE COPY
DEC 4 1990
ATTEST
FOR THE JUDICIAL PANEL MULTIDISTRICT LITIGATION

(especially with respect to class certification determinations), and conserve the resources of the parties, their counsel and the judiciary. We also observe that the arguments of opponents to transfer, based on the limited number of actions and the purportedly unique issues in their action in the Eastern District of New York, have been mooted as a result of the filing of the potential tag-along actions noted in footnote 1, supra.

Given the proximity of the three suggested transferee districts, it is clear that any of the forums could be designated as transferee forum with a minimum of inconvenience to all concerned. In selecting the District of New Jersey as transferee forum, we note that: 1) the three casinos for which the bonds were issued are located in Atlantic City; 2) most of the partnership, corporate and individual defendants are located in New Jersey, with their business records located in that state; and 3) New Jersey's Casino Control Commission, which is reported to be conducting its own ongoing investigation of Trump and his properties, is located in Trenton, New Jersey.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending in districts other than the District of New Jersey be, and the same hereby are, transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable John F. Gerry for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

John F. Nangle
Chairman

SCHEDULE A

MDL-864 -- In re Donald J. Trump Casino Securities Litigation

Southern District of New York

Peter Stuyvesant, Ltd., etc. v. Donald J. Trump, et al., C.A. No. 90-3826 (JBS)

Eastern District of New York

Susan Cagan, et al. v. Donald J. Trump, et al., C.A. No. 90-2842 (CJP)

District of New Jersey

Sidney L. Kaufman, etc. v. Trump's Castle Funding, Inc., et al., C.A. No. 90-2349 (JFG)

Jerome Schwartz, etc. v. Trump's Castle Funding, Inc., et al., C.A. No. 90-2350 (JFG)

# JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge John F. Nangle
United States District Court
Eastern District of Missouri

**MEMBERS:**
Judge S. Hugh Dillin
United States District Court
Southern District of Indiana

Judge Milton Pollack
United States District Court
Southern District of New York

Judge Louis H. Pollak
United States District Court
Eastern District of Pennsylvania

Judge Halbert O. Woodward
United States District Court
Northern District of Texas

Judge Robert R. Merhige, Jr.
United States District Court
Eastern District of Virginia

Judge William B. Enright
United States District Court
Southern District of California

**DIRECT REPLY TO:**

Patricia D. Howard
Clerk of the Panel
1120 Vermont Ave., N.W.
Suite 1002
Washington, D.C. 20005-3545

Telephone: [202] 653-6090
FTS: 653-6090

December 4, 1990

Re: MDL-864 -- In re Donald J. Trump Casino Securities Litigation

Mr. William T. Walsh
Clerk, U.S. District Court
U.S. District Court
P.O. Box 2797
Camden, New Jersey 08101

RECEIVED
DEC 6 1990
WILLIAM T. WALSH
CLERK

Dear Mr. Walsh:

Enclosed is one certified and additional copies of an order filed by the Panel under 28 U.S.C. §1407. Section 1407 requires that the transferee clerk "transmit a certified copy of the Panel's order to transfer to the clerk of the district court from which the action is being transferred." A copy of Rule 19, R.P.J.P.M.L., 120 F.R.D. 251, which deals specifically with the transfer of files, is enclosed for your convenience. Also enclosed are a complete set of the Panel Rules and the Suggested Procedures for Multidistrict Litigation, which have been approved by the Panel and are being effectively utilized by many of the transferee districts.

The Panel Clerk's office maintains the only statistical accounting of multidistrict litigation traffic in the federal courts. These statistics are used by the Administrative Office of the United States Courts and the Judicial Conference. Therefore, your cooperation in keeping the Panel advised of the progress of this litigation would be appreciated. We are particularly interested in receiving the docket numbers assigned to each action by your court, the caption and docket numbers of all actions originally filed in your district, and receiving copies of orders regarding settlements, dismissals, further transfers under 28 U.S.C. §§1404(a) or 1406, reassignments to other judges, etc.

Your attention is also directed to Panel Rule 14, regarding termination and remand of transferred actions, which requires that your office provide us with copies of dismissals. Upon a finding by the transferee judge that remand of a transferred action is appropriate, this office will promptly file conditional remand orders when appropriate notification is received from your court.

For your convenience, I am enclosing a copy of the Panel Service List. We are also interested in receiving orders appointing liaison counsel or attorney lists used by your court.

Very truly,

Patricia D. Howard
Clerk of the Panel

By [signature]
Deputy Clerk

Enclosures
cc: List of Recipients Attached

List of Recipients for
letter addressed to Mr. William T. Walsh Dated 12/4/90

Re: MDL No. 864 -- In re Donald J. Trump Casino Securities Litigation

Enclosures include Suggested Procedures, Rule 19, R.P.J.P.M.L., transfer order, Panel Service List, and complete Panel Rules to

Chief Judge, Transferee District: Hon. John F. Gerry
Transferee Judge: (Same As Chief Judge)

Enclosures include transfer order only to

Clerk, Hearing District Court: Ms. Ann A. Birch

Enclosures include transfer order and Rule 19, R.P.J.P.M.L., to

Clerk(s), Transferor District Court(s):
Mr. Raymond F. Burghardt
Mr. Robert C. Heinemann

Assigned Judge(s), Transferor District Court(s):

Hon. Leonard B. Sand
Hon. Thomas C. Platt, Jr.

RULE 19: TRANSFER OF FILES

(a) Upon receipt of a certified copy of a transfer order from the clerk of the transferee district court, the clerk of the transferor district court shall forward to the clerk of the transferee district court the complete original file and a certified copy of the docket sheet for each transferred action.

(b) If an appeal is pending, or a notice of appeal has been filed, or leave to appeal has been sought under 28 U.S.C. §1292(b) or a petition for an extraordinary writ is pending, in any action included in an order of transfer under 28 U.S.C. §1407, and the original file or parts thereof have been forwarded to the court of appeals, the clerk of the transferor district court shall notify the clerk of the court of appeals of the order of transfer and secure the original file long enough to prepare and transmit to the clerk of the transferee district court a certified copy of the docket sheet.

(c) If the transfer order provides for the separation and simultaneous remand of any claim, cross-claim, counterclaim, or third-party claim, the clerk of the transferor district court shall retain the original file and shall prepare and transmit to the clerk of the transferee district court a certified copy of the docket sheet and copies of all papers except those relating exclusively to separated and remanded claims.

(d) Upon receipt of an order to remand from the Clerk of the Panel, the transferee district court shall prepare and send to the clerk of the transferor district court the following:

(i) a certified copy of the individual docket sheet for each action being remanded;

(ii) a certified copy of the master docket sheet, if applicable;

(iii) the entire file for each action being remanded;

(iv) a certified copy of the final pretrial order, if applicable; and

(v) a "record on remand" to be composed of those parts of the files and records produced during coordinated or consolidated pretrial proceedings which have been stipulated to or designated by counsel as being necessary for any or all proceedings to be conducted following remand. It shall be the responsibility of counsel originally preparing or filing any document to be included in the "record on remand" to furnish on request sufficient copies to the clerk of the transferee district court.

(e) The Clerk of the Panel shall be notified when any files have been transmitted pursuant to this Rule.

# Judicial Panel on Multidistrict Litigation

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

JUN 14 1988

PATRICIA D. HOWARD
CLERK OF THE PANEL

CHAIRMAN

ANDREW A. CAFFREY
SENIOR U.S. DISTRICT JUDGE
DISTRICT OF MASSACHUSETTS

ROBERT H. SCHNACKE
SENIOR U.S. DISTRICT JUDGE
NORTHERN DISTRICT OF CALIFORNIA

FRED DAUGHERTY
SENIOR U.S. DISTRICT JUDGE
WESTERN DISTRICT OF OKLAHOMA

[illegible]
[illegible]
[illegible]

S. HUGH DILLIN
U.S. DISTRICT JUDGE
SOUTHERN DISTRICT OF INDIANA

MILTON POLLACK
SENIOR U.S. DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK

LOUIS H. POLLAK
U.S. DISTRICT JUDGE
EASTERN DISTRICT OF PENNSYLVANIA

DIRECT REPLY TO:

PATRICIA D. HOWARD
CLERK OF THE PANEL
1120 VERMONT AVE., N.W.
SUITE 1002
WASHINGTON, D.C. 20005

TELEPHONE: (202) 653-6090

ORDER ADOPTING
RULES OF PROCEDURE
OF THE
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
AS AMENDED

IT IS HEREBY ORDERED that the following Rules of Procedure of the Judicial Panel on Multidistrict Litigation as amended, consisting of Section I--General Rules, Section II--Rules for Multidistrict Litigation Under 28 U.S.C. §1407, and Section III--Rules for Multicircuit Petitions for Review Under 28 U.S.C. §2112(a)(3), are hereby adopted and shall be effective on July 6, 1988.

FOR THE PANEL:

Andrew A. Caffrey

Andrew A. Caffrey
Chairman

Date: June 14, 1988

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

JUN 14 1988

PATRICIA D. HOWARD
CLERK OF THE PANEL

RULES OF PROCEDURE
OF THE
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

EFFECTIVE: JULY 6, 1988

TABLE OF CONTENTS

I. GENERAL RULES

Rule 1: Definitions

Rule 2: Place of Keeping Records and Files

Rule 3: Place of Filing of Papers

Rule 4: Failure to Comply with Rules

Rule 5: Practice

II. RULES FOR MULTIDISTRICT LITIGATION UNDER 28 U.S.C. §1407

Rule 6: Admission to Practice Before the Panel and Representation in Transferred Actions

Rule 7: Manner of Filing Papers

Rule 8: Service of Papers Filed

Rule 9: Form of Papers Filed

Rule 10: Motion Practice

Rule 11: Show Cause Orders

Rule 12: Conditional Transfer Orders for "Tag-Along Actions"

Rule 13: Miscellaneous Provisions Concerning "Tag-Along Actions"

Rule 14: Termination and Remand

Rule 15: Applications for Extensions of Time

Rule 16: Hearings

Rule 17: Notice of Presentation or Waiver of Oral Argument, and Matters Submitted on the Briefs

Rule 18: Effect of the Pendency of an Action Before the Panel

Rule 19: Transfer of Files

III. RULES FOR MULTICIRCUIT PETITIONS FOR REVIEW UNDER 28 U.S.C. §2112(a)(3)

Rule 20: Filing of Notices

Rule 21: Accompaniments to Notices

Rule 22: Service of Notices

Rule 23: Form of Notices

Rule 24: Random Selection

Rule 25: Service of Panel Consolidation Order

# RULES OF PROCEDURE
# OF THE
# JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## I. GENERAL RULES

### RULE 1: DEFINITIONS

As used in these Rules "Panel" means the members of the Judicial Panel on Multidistrict Litigation appointed by the Chief Justice of the United States pursuant to Section 1407, Title 28, United States Code.

"Clerk of the Panel" means the official appointed by the Panel to act as Clerk of the Panel and shall include those deputized by the Clerk of the Panel to perform or assist in the performance of the duties of the Clerk of the Panel.

"Chairman" means the Chairman of the Judicial Panel on Multidistrict Litigation appointed by the Chief Justice of the United States pursuant to Section 1407, or the member of the Panel designated by the Panel to act as Chairman in the absence or inability of the appointed Chairman.

A "tag-along action" refers to a civil action pending in a district court and involving common questions of fact with actions previously transferred under Section 1407.

### RULE 2: PLACE OF KEEPING RECORDS AND FILES

The records and files of the Panel shall be kept by the Clerk of the Panel at the offices of the Panel. Records and files may be temporarily or permanently removed to such places at such times as the Panel or the Chairman of the Panel shall direct. The Clerk of the Panel may charge fees, as prescribed by the Judicial Conference of the United States, for duplicating records and files. Records and files shall be transferred to the Federal Records Center pursuant to Government Services Administration Authority to Dispose Records.

### RULE 3: PLACE OF FILING OF PAPERS

All papers for consideration by the Panel shall be submitted filing to the Clerk of the Panel by mailing or delivering to:

Clerk of the Panel
Judicial Panel on Multidistrict Litigation
1120 Vermont Avenue, N.W.
Suite 1002
Washington, D.C. 20005

No papers shall be left with or mailed to a Judge of the Panel.

which an action is pending that will be affected by the motion. Copies of a motion for remand pursuant to 28 U.S.C. §1407 shall be filed in the Section 1407 transferee district court in which any action affected by the motion is pending.

RULE 8: SERVICE OF PAPERS FILED

(a) All papers filed with the Clerk of the Panel shall be accompanied by proof of service on all other parties in all actions involved in the litigation. Service and proof of service shall be made as provided in Rules 5 and 6 of the Federal Rules of Civil Procedure. The proof of service shall indicate the name and address of each person served and shall indicate the party represented by each. If a party is not represented by counsel, the proof of service shall indicate the name of the party and his last known address. The proof of service shall indicate why any person named as a party in a constituent complaint was not served with the Section 1407 pleading. The original proof of service shall be filed with the Clerk of the Panel and copies thereof shall be sent to each person included within the proof of service. After the "Panel Service List" described in subsection (d) of this Rule has been received from the Clerk of the Panel, the "Panel Service List" shall be utilized for service of responses to motions and all other filings. In such instances, the "Panel Service List" shall be attached to the proof of service and shall be supplemented in the proof of service in the event of the presence of additional parties or successor counsel.

(b) The proof of service pertaining to motions for transfer of actions pursuant to 28 U.S.C. §1407 shall certify that copies of the motions have been mailed or otherwise delivered for filing to the clerk of each district court in which an action is pending that will be affected by the motion. The proof of service pertaining to a motion for remand pursuant to 28 U.S.C. §1407 shall certify that a copy of the motion has been mailed or otherwise delivered for filing to the clerk of the Section 1407 transferee district court in which any action affected by the motion is pending.

(c) Within eleven days of filing of a motion to transfer, an order to show cause or a conditional transfer order, each party or designated attorney shall notify the Clerk of the Panel, in writing, of the name and address of the attorney designated to receive service of all pleadings, notices, orders and other papers relating to practice before the Judicial Panel on Multidistrict Litigation. Only one attorney shall be designated for each party. Any party not represented by counsel shall be served by mailing such pleadings to the party's last known address. Requests for an extension of time to file the designation of attorney shall not be granted except in extraordinary circumstances.

(f) Except with the approval of the Panel, each brief submitted for filing with the Panel shall be limited to twenty pages, exclusive of exhibits.

RULE 10: MOTION PRACTICE

(a) All requests for action by the Panel under 28 U.S.C. §1407 shall be made by written motion. Every motion shall be accompanied by:

(i) a brief in support thereof in which the background of the litigation and factual and legal contentions of the movant shall be concisely stated in separate portions of the brief with citation of applicable authorities; and

(ii) a schedule giving

(A) the complete name of each action involved;

(B) the district court in which each action is pending;

(C) the civil action number of each action; and

(D) the name of the judge assigned each action, if known.

(b) The Clerk of the Panel shall notify recipients of a motion of the filing date, caption, MDL docket number, briefing schedule and pertinent Panel policies.

(c) Within twenty days after filing of a motion, all other parties shall file a response thereto. Failure of a party to respond to a motion shall be treated as that party's acquiescence to the action requested in the motion.

(d) The movant may, within five days after the lapse of the time period for filing responsive briefs, file a single brief in reply to any opposition.

(e) Motions, their accompaniments, responses, and replies shall also be governed by Rules 7, 8 and 9 of these Rules.

(f) With respect to any action that is the subject of Panel consideration, counsel shall notify the Clerk of the Panel of any development that would partially or completely moot the matter before the Panel.

(g) A joinder in a motion shall not add any action to the previous motion.

(h) Once a motion is filed, any responsive pleading that purports to be a "motion" in the docket shall be filed by the Clerk of the Panel as a response unless the "motion" adds an action. The Clerk of the Panel, upon designating such a pleading as a motion, shall acknowledge that designation by the distribution of a briefing

(b) Parties to an action subject to a conditional transfer order shall notify the Clerk of the Panel within the fifteen-day period if that action is no longer pending in its transferor district court.

(c) Any party opposing the transfer shall file a notice of opposition with the Clerk of the Panel within the fifteen-day period. If a notice of opposition is received by the Clerk of the Panel within this fifteen-day period, the Clerk of the Panel shall not transmit said order to the clerk of the transferee district court until further order of the Panel.

(d) Within fifteen days of the filing of its notice of opposition, the party opposing transfer shall file a motion to vacate the conditional transfer order and brief in support thereof. The Clerk of the Panel shall set the motion for hearing at the next appropriate session of the Panel. Failure to file and serve a motion and brief shall be treated as withdrawal of the opposition and the Clerk of the Panel shall forthwith transmit the order to the clerk of the transferee district court.

(e) Conditional transfer orders do not become effective unless and until they are filed with the clerk of the transferee district court.

(f) Notices of opposition and motions to vacate orders of the Panel and responses thereto shall be governed by Rules 7, 8, 9 and 10 of these Rules.

RULE 13: MISCELLANEOUS PROVISIONS CONCERNING "TAG-ALONG ACTIONS"

(a) Potential "tag-along actions" filed in the transferee district require no action on the part of the Panel and requests for assignment of such actions to the Section 1407 transferee judge should be made in accordance with local rules for the assignment of related actions.

(b) Upon learning of the pendency of a potential "tag-along action" and having reasonable anticipation of opposition to transfer of that action, the Panel may direct the Clerk of the Panel to file a show cause order, in accordance with Rule 11 of these Rules, instead of a conditional transfer order.

(c) Failure to serve one or more of the defendants in a potential "tag-along action" with the complaint and summons as required by Rule 4 of the Federal Rules of Civil Procedure does not preclude transfer of such action under Section 1407. Such failure, however, may be submitted by such a defendant as a basis for opposing the proposed transfer. The inability of the Clerk of the Panel to serve a conditional transfer order on all defendants or their counsel shall not render the transfer of the action void but can be submitted by such a defendant as a basis for moving to remand as to such defendant.

(d) The Panel is reluctant to order remand absent a suggestion of remand from the transferee district court. If remand is sought by motion of a party, the motion shall be accompanied by:

(i) an affidavit reciting

(A) whether the movant has requested a suggestion of remand from the transferee district court, how the court responded to any request, and, if no such request was made, why;

(B) whether all common discovery and other pretrial proceedings have been completed in the action sought to be remanded, and if not, what remains to be done; and

(C) whether all orders of the transferee district court have been satisfactorily complied with, and if not, what remains to be done; and

(ii) a copy of the transferee district court's final pretrial order, where such order has been entered.

Motions to remand and responses thereto shall be governed by Rules 7, 8, 9 and 10 of these Rules.

(e) When an order to show cause why an action or actions should not be remanded is entered pursuant to subsection (c), paragraph (iii) of this Rule, any party may file a response within twenty days of the filing of said order unless otherwise provided for in the order. Within five days of filing of a party's response, any party may file a reply brief limited to new matters. Failure of a party to respond to a show cause order regarding remand shall be treated as that party's acquiescence to the remand. Responses and replies shall be filed and served in conformity with Rules 7, 8 and 9 of these Rules.

(f) Conditional Remand Orders

(i) When the Panel has been advised by the transferee district judge, or otherwise has reason to believe, that pretrial proceedings in the litigation assigned to the transferee district judge are concluded or that remand of an action or actions is otherwise appropriate, an order may be entered by the Clerk of the Panel remanding the action or actions to the transferor district court. The Clerk of the Panel shall serve this order on each party to the litigation but, in order to afford all parties the opportunity to oppose remand, shall not send the order to the clerk of the transferee district court for fifteen days from the entry thereof.

(ii) Any party opposing the remand shall file a notice of opposition with the Clerk of the Panel within the fifteen-day period. If a notice of opposition is received by the Clerk of the Panel within this fifteen-day period, the Clerk of the Panel shall not transmit said order to the clerk of the transferee district court until further order of the Panel.

all other matters before the Panel, such as a motion for reconsideration, shall be considered and determined upon the basis of the papers filed.

(c) Except for leave of the Panel on a showing of good cause, only those parties who have filed a motion or written response to a motion or order shall be permitted to appear before the Panel and present oral argument.

(d) When the Panel is hearing oral argument regarding whether to transfer a potential tag-along action, or whether to remand a previously transferred action, ordinarily only the parties in that action will be permitted to present oral argument, regardless of whether papers have been filed by other interested parties.

(e) Counsel for those supporting transfer or remand under Section 1407 and counsel for those opposing such transfer or remand are to confer separately prior to the hearing for the purpose of organizing their arguments and selecting representatives to present all views without duplication.

(f) Unless otherwise ordered by the Panel, a maximum of thirty minutes shall be allotted for argument in each new group of actions being considered for Section 1407 treatment and a maximum of twenty minutes shall be allotted for arguments in all other matters. The time shall be divided equally among those with varying viewpoints. Counsel for the moving party or parties shall generally be heard first.

(g) So far as practicable and consistent with the purposes of Section 1407, the offering of oral testimony before the Panel shall be avoided. Accordingly, oral testimony shall not be received except upon notice, motion and order of the Panel expressly providing for it. Proof may be submitted as provided in the Federal Rules of Civil Procedure.

(h) After an action or group of actions has been set for hearing, it may only be continued by order of the Panel on good cause shown.

## RULE 17: NOTICE OF PRESENTATION OR WAIVER OF ORAL ARGUMENT, AND MATTERS SUBMITTED ON THE BRIEFS

(a) At such time in advance of the date of the hearing as required by the Clerk of the Panel in the notice of hearing, counsel shall notify the Clerk of the Panel in writing of one of the following: (1) counsel will waive oral argument, if all other counsel in the matter set for hearing waive oral argument; (2) counsel will present oral argument, regardless of whether any other counsel in the matter set for hearing presents oral argument; or (3) counsel waives oral argument. All notices of presentation or waiver of oral argument

(d) Upon receipt of an order to remand from the Clerk of the Panel, the transferee district court shall prepare and send to the clerk of the transferor district court the following:

(i) a certified copy of the individual docket sheet for each action being remanded;

(ii) a certified copy of the master docket sheet, if applicable;

(iii) the entire file for each action being remanded;

(iv) a certified copy of the final pretrial order, if applicable; and

(v) a "record on remand" to be composed of those parts of the files and records produced during coordinated or consolidated pretrial proceedings which have been stipulated to or designated by counsel as being necessary for any or all proceedings to be conducted following remand. It shall be the responsibility of counsel originally preparing or filing any document to be included in the "record on remand" to furnish on request sufficient copies to the clerk of the transferee district court.

(e) The Clerk of the Panel shall be notified when any files have been transmitted pursuant to this Rule.

## III. <u>RULES FOR MULTICIRCUIT PETITIONS FOR REVIEW UNDER 28 U.S.C. §2112(a)(3)</u>

### <u>RULE 20: FILING OF NOTICES</u>

(a) An original of a notice of multicircuit petitions for review pursuant to 28 U.S.C. §2112(a)(3) shall be submitted for filing to the Clerk of the Panel by the affected agency, board, commission or officer. The term "agency" as used in Section III of these Rules shall include agency, board, commission or officer.

(b) All notices of multicircuit petitions for review submitted by the affected agency for filing with the Clerk of the Panel shall embrace exclusively petitions for review filed in the courts of appeals within ten days after issuance of an agency order and received by the affected agency from the petitioners within that ten day period.

(c) When a notice of multicircuit petitions for review is submitted for filing to the Clerk of the Panel, and the Clerk of the Panel determines that the submission is in compliance with the provisions of these Rules, the Clerk of the Panel shall file the notice and endorse thereon the date of filing.

(d) Copies of notices of multicircuit petitions for review shall be filed by the affected agency with the clerk of each circuit court of appeals in which a petition for review is pending that is included in the notice.

(b) The heading on the first page of each notice of multicircuit petitions for review shall commence not less than three inches from the top of the page. Each notice shall bear the heading "Notice to the Judicial Panel on Multidistrict Litigation of Multicircuit Petitions for Review."

(c) The final page of each notice of multicircuit petitions for review shall contain the name, address and telephone number of the individual or individuals who submitted the notice on behalf of the agency.

## RULE 24: RANDOM SELECTION

(a) Upon filing a notice of multicircuit petitions for review, the Clerk of the Panel or designated deputy shall randomly select a circuit court of appeals from a drum containing an entry for each circuit wherein a constituent petition for review is pending. Multiple petitions for review pending in a single circuit shall be allotted only a single entry in the drum. This random selection shall be witnessed by the Clerk of the Panel or a designated deputy other than the random selector. Thereafter, an order on behalf of the Panel shall be issued, signed by the random selector and the witness,

(i) consolidating the petitions for review in the court of appeals for the circuit that was randomly selected; and

(ii) designating that circuit as the one in which the record is to be filed pursuant to Rules 16 and 17 of the Federal Rules of Appellate Procedure.

(b) A consolidation of petitions for review shall be effective when the Panel's consolidation order is filed at the offices of the Panel by the Clerk of the Panel.

## RULE 25: SERVICE OF PANEL CONSOLIDATION ORDER

(a) The Clerk of the Panel shall serve the Panel's consolidation order on the affected agency through the individual or individuals, as identified in Rule 23(c) of these Rules, who submitted the notice of multicircuit petitions for review on behalf of the agency.

(b) That individual or individuals, or anyone else designated by the agency, shall promptly serve the Panel's consolidation order on all other parties in all petitions for review included in the Panel's consolidation order, and shall promptly submit a proof of that service to the Clerk of the Panel. Service and proof of that service shall also be governed by Rule 22 of these Rules.

(c) The Clerk of the Panel shall serve the Panel's consolidation order on the clerks of all circuit courts of appeals that were among the candidates for the Panel's random selection.

# A GUIDE TO MULTIDISTRICT LITIGATION

by

PATRICIA D. HOWARD

Clerk of the Panel, Judicial
Panel on Multidistrict Litigation

## INTRODUCTION

By Act of Congress signed April 29, 1968, 28 U.S.C. §1407 and the Judicial Panel on Multidistrict Litigation came into being. Section 1407 provides that civil actions involving one or more common questions of fact and pending in different districts may be transferred by the Panel for coordinated or consolidated pretrial proceedings. With the consent of the transferee district, the Panel transfers related actions to that district and determines the judge who will process the pretrial proceedings. In the event the district court caseload or conflicts of interest prevent one of the judges in the selected transferee court from being assigned to process multidistrict litigation, the Panel may request the assignment of a circuit or district judge to the transferee district to conduct the coordinated or consolidated pretrial proceedings. Although the Panel's power for the most part is limited to transfer for pretrial only, it is not uncommon for a transferee judge assigned by the Panel to transfer to his own or another district under 28 U.S.C. §§1404(a) or 1406 the actions which were previously assigned to him or her by the Panel under Section 1407.

Although Section 1407 initially was considered as a vehicle for use predominantly in air disaster litigation, antitrust litigation, securities litigation, product liability litigation and patent, trademark and copyright litigation, it has been used in litigation involving common disasters, employment practices, contracts and other types of miscellaneous litigation. The only exclusions from Section 1407 treatment are actions in which the United States is a claimant arising under the antitrust laws and, under 15 U.S.C. §78u(g), actions for equitable relief initiated by the Securities and Exchange Commission pursuant to securities laws.

The statute provides that the Panel shall consist of seven federal circuit and district judges. No two members of the Panel may be from the same circuit and all appointments are made by the Chief Justice of the United States. The Panel judges devote approximately one day every two months to hearings on multi-district matters. These hearings may be held at any location designated by the Panel and are generally scheduled for the last Thursday of the month.

REVISED JANUARY 26, 1989

In looking at the 66 districts which have been assigned multidistrict litigation we see that only five districts, the Eastern District of Pennsylvania, the District of Kansas, the Central District of California, the Eastern District of New York, and the Southern District of Ohio, have experienced any noticeable increase in their total caseload due to Section 1407 transfers.

It is interesting that the one district which has been assigned the greatest number of multidistrict litigation dockets (53), the Southern District of New York, as of June 30, 1988, has experienced a net decrease of 74 actions. The following chart is in order of greatest net decrease to greatest net increase of actions assigned in transferee districts:

| District | Actions Tr'd In | Actions Tr'd Out | Net Change |
|---|---|---|---|
| Cal.,C. | 457 | 921 | -464 |
| Cal.,N. | 340 | 608 | -268 |
| N.Y.,S. | 815 | 889 | - 74 |
| Pa.,E. | 700 | 442 | +258 |
| Ohio,S. | 688 | 176 | +512 |
| N.Y.,E. | 779 | 240 | +539 |
| Kan. | 1,186 | 86 | +1,100 |
| D.C. | 1,953 | 109 | +1,844 |

## What is Multidistrict Litigation

Multidistrict litigation simply means related actions pending in more than one district. Whether or not multidistrict litigation is transferred to a single district is, of course, up to the Panel.

If a newly-filed action within the transferee district is related to actions that have been transferred there under Section 1407, the Panel will not order the new action included in the Panel's multidistrict litigation proceedings. Under our Rules, it is the responsibility of the attorney filing the action and the district court clerk to be sure that any related actions filed in the transferee district which should be included in the coordinated or consolidated pretrial proceedings under Section 1407, are assigned to the transferee judge. We do, of course, request that we be advised of the assignment of these related actions to the transferee judge.

## When Transfers Become Effective

Under the statute, transfers under 28 U.S.C. §1407 become effective with the filing of the Panel's transfer order in the clerk's office for the transferee district. At that time, jurisdiction for the action to the transferee district is automatic and complete, and the jurisdiction of the transferor court ceases. It is strongly recommended that transferee courts assign docket numbers to each of the transferred actions as soon as the Panel's transfer order is filed by the transferee court. This will greatly facilitate counsel and the Panel office in identification of transferred actions.

that transferee courts request files as quickly as possible to maintain the momentum initiated by the filing of the transfer order by the Panel. Likewise, it is imperative that the transferor court comply with requests for the files as quickly as possible, but in the event delay should occur, notification to the transferee court either in writing or by telephone should be considered as a matter of courtesy. Given sufficient time to close and transmit the files, the transferee court should not feel reluctant to contact the transferor court to determine the status of the transmittal. In fact, it is encouraged, with the poor mail service problems, for the transferee court to watch as closely as possible, the progress of any actions being transmitted through the mails. If a file is unduly delayed through the mails, it would be the responsibility of the originator to request that the envelope be traced. Therefore, for easier identification, we recommend that files be transmitted via certified mail, return receipt requested.

## SUGGESTED PROCEDURES FOR MULTIDISTRICT LITIGATION

In June 1970, an Ad Hoc Administrative Practices Committee of the Judicial Panel on Multidistrict Litigation adopted some suggested procedures for use in processing multidistrict litigation.[1/] This Ad Hoc Committee was composed of the then Clerks of the United States Court of Appeals for the Tenth Circuit and United States District Courts for the District of New Jersey, Middle District of North Carolina, and the Northern District of Illinois. Also members of the Committee were a representative from the Division of Procedural Studies and Statistics of the Administrative Office of the United States Courts and the Administrative Attorney of the Judicial Panel on Multidistrict Litigation. One of the very first recommendations made by the Ad Hoc Committee, after canvassing clerks processing multidistrict litigation at that time, was that each transferred action should be assigned a docket number as soon as transfer orders[2/] are received from the Panel. Also, blanket internal identification numbers can be given to the litigation as a whole but should not be substituted for individual docket numbers for each action. Also, the suggested procedures recommend that the multidistrict litigation docket number be used as a reference to the litigation as a whole and that the low number case not be used as the master docket number.

The maintenance of a master docket sheet and a master file has been recommended and proven to be the most effective method for the maintenance of multi-case pleadings which of necessity are filed in multidistrict litigation. It was found that the maintenance of separate docket sheets and separate docket files for each transferred action required excessive duplication of effort on the part of counsel

---

1/ The current Suggested Procedures are set forth, commencing at ___ F.R.D. ___.

2/ Transfer orders include opinions and orders, shorter orders and conditional transfer orders.

required by the statute to "transmit a certified copy of the Panel's order to transfer to the clerk of the district court from which the action is being transferred." [Section 1407(c).] The certified copy of the order should be accompanied by a transmittal letter to the transferor clerk referring to the multidistrict litigation number assigned by the Panel, the civil action number or numbers in the transferor court and the new civil action number or numbers assigned by the transferee court. A copy of this notification should be sent to the Panel for its information.

As soon as possible, the transferee district clerk should send an information letter to all counsel involved in the litigation. The Clerk of the Panel will transmit with the transfer order, the Panel Attorney Service List which has been compiled from appearances made before the Panel in accordance with the Panel Rules. This list will be limited to one attorney for each party and may be amended by deletion or addition in whatever way deemed appropriate by the transferee judge. This list, however, will serve the purpose for making initial contact to counsel by the transferee judge. The letter should include the date of filing of the transfer order in the transferee court, the civil action number or numbers assigned to the action or actions, the name and mailing address of the transferee judge, the name, mailing address, and telephone number of the clerk and/or deputy clerk of the division processing the multidistrict litigation, and appropriate reference to local rules with instructions on obtaining copies, on captioning, and on filing motions and other papers. Notification should also be given regarding the number of copies required, mailing instructions to the transferee court, and any other information which may be appropriate.

A practice and procedure order is also recommended. This order is an administrative or housekeeping order and has in some form continually been used by the courts processing multidistrict litigation. A copy of this practice and procedure order is included in the following Suggested Procedures. The Panel should, of course, receive copies of this and all subsequent orders filed by the transferee court.

Because large numbers of attorneys are usually involved in multidistrict litigation, it has been necessary to formulate streamlined methods for effecting service. Although this problem probably cannot be avoided prior to the first pretrial hearing, it is suggested that that hearing be used to appoint liaison counsel. The basic Panel Attorney Service List can be used by the transferee court prior to the first pretrial hearing at which time a new service list can be compiled. One of the duties of the liaison counsel should be to receive orders and notices of the court and to promptly distribute the orders and notices to the other counsel upon whose behalf he or she acts. Panel Rule 8(c) requires that liaison counsel will also accept service from the Panel and make the appropriate distribution of Panel documents.

## Statistical Reporting of Multidistrict Litigation

Multidistrict litigation transferred by the Panel, even after twenty years, is still causing a great deal of confusion insofar as the statistical reporting is involved. The transferee court is to

will automatically extend the stay until further order of the Panel. Within fifteen days of the filing of the notice of opposition, the opposing party must file a motion to vacate the conditional remand order with a supporting brief. The other parties in the litigation will have a further twenty-day period within which to respond to the motion. Movants have an additional five-day period to file a reply. After giving the parties an opportunity to be heard on the motion, the Panel will make its determination and file an appropriate order notifying involved counsel and district courts.

If remand is unopposed, with the termination of the fifteen-day period, the conditional remand order is transmitted to the clerk of the transferee court. The Panel may also remand any severable claim, cross-claim, counterclaim or third-party claim.

All remand orders of the Panel become effective when filed in the transferee court.

Panel Rule 14(g), 120 F.R.D. 251, 261 (J.P.M.L. 1988), reads as follows:

> Upon receipt of an order to remand from the Clerk of the Panel, the parties shall furnish forthwith to the transferee district clerk a stipulation or designation of the contents of the record or part thereof to be remanded and furnish the transferee district clerk all necessary copies of any pleading or other matter filed so as to enable the transferee district clerk to comply with the order of remand.

With compliance to this Rule by counsel, the files are then collated and transmitted by the transferee court to the transferor court.

# SUGGESTED PROCEDURES FOR MULTIDISTRICT LITIGATION

Prepared initially by the Ad Hoc Administrative Practices Committee of the Judicial Panel on Multidistrict Litigation on May 18, 1970, and revised by that Committee on June 15, 1970.

Revised by the Clerk of the Panel, Judicial Panel on Multidistrict Litigation, on January 10, 1977, and approved by the Members of the Judicial Panel on Multidistrict Litigation on February 25, 1977. Further revisions by the Clerk of the Panel on January 17, 1989, were approved by the Panel on January 26, 1989.


INTRODUCTION.................................................... 2

I. IDENTIFICATION OF MULTIDISTRICT LITIGATION.......... 3
II. TRANSFERS UNDER SECTION 1407......................... 3
A. Motion to Transfer.......................... 3
B. Order to Show Cause.......................... 3
C. Effect of the Pendency of an Action Before the Panel.................................. 3
D. Hearing.................................... 3
E. Tag-Along Actions........................... 3
F. Tag-Along Practice.......................... 4
G. Notices of Tag-Alongs to the Courts......... 4
H. When Transfer Under Section 1407 Becomes Effective and Forwarding the Files Thereafter.................................. 4
I. Closing of Case in Transferor District...... 4
J. Opening of Case in Transferee District...... 4

III. REVIEW OF ORDERS OF THE PANEL....................... 4
A. Review by Extraordinary Writ................ 5
B. Review Prior to Transfer.................... 5
C. Review After Transfer....................... 5
D. Review of Order Denying Transfer............ 5

IV. DUTIES OF THE CLERK OF THE PANEL.................... 5

V. ADMINISTRATION FOLLOWING TRANSFER.................... 5
A. Order of Transfer........................... 5
B. Opening of Action........................... 6
C. Distribution of Order and Notice............ 6
D. Orders of Transferee Court, Distribution.... 7
E. The Multidistrict Litigation Docket Sheet... 7
F. Files....................................... 8
G. Liaison Counsel............................. 9
H. Service of Process.......................... 9

## I. IDENTIFICATION OF MULTIDISTRICT LITIGATION

The early identification of multidistrict litigation is essential to insure that the full value of coordinated or consolidated pretrial proceedings is realized and that such proceedings are conducted effectively and expeditiously. Involved counsel, along with input from court personnel, are often best able to make an early identification of multidistrict litigation which may become apparent when the complaint is filed, upon filing of the answer, or at the first hearing. Counsel are required by the Panel Rules to promptly notify the Panel of related actions in litigation before the Panel.

## II. TRANSFERS UNDER SECTION 1407

A. Motion to Transfer. A party to an action may initiate transfer by filing with the clerk of the Panel a motion for transfer. A copy of the motion must be filed in each district court in which an affected action is pending. (See Panel Rule 10.)

B. Order to Show Cause. The Panel may consider transfer of a group of multidistrict actions on its own initiative. Information copies of the show cause order are sent to counsel, the clerks of the district courts involved, and the judges handling the actions, if known. (See Panel Rule 11.)

C. Effect of the Pendency of an Action Before the Panel. Rule 18 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation reads as follows:

> The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. §1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court. A transfer or remand pursuant to 28 U.S.C. §1407 shall be effective when the transfer or remand order is filed in the office of the clerk of the district court of the transferee district.

D. Hearing. It is the policy of the Panel to automatically set for hearing matters before it for possible transfer on a motion of a party or on show cause orders. After notice and hearing, the Panel may transfer related actions pending in two or more districts to a single district for coordinated or consolidated pretrial proceedings.

E. Tag-Along Actions. A "tag-along action" is a civil action apparently sharing common questions of fact with the actions previously transferred under Section 1407. Any party in any action previously transferred is required by the Panel Rules to promptly notify the Panel of related actions in litigation before the Panel. (See Panel Rule 13(c).)

B. <u>Review Prior to Transfer</u>. Orders of the Panel issued prior to the transfer of an action shall be reviewed in the court of appeals having jurisdiction over the district in which a hearing is to be or has been held.

C. <u>Review After Transfer</u>. After transfer, petitions for extraordinary writ to review shall be filed only in the court of appeals having jurisdiction over the transferee district.

D. <u>Review of Order Denying Transfer</u>. No review is permitted from an order of the Panel denying a motion to transfer.

## IV. DUTIES OF THE CLERK OF THE PANEL

In addition to the duties which the Panel may from time to time assign, the clerk maintains the records of the Panel, receives and files its orders, and the motions and responses filed by parties or litigants appearing before the Panel.

The clerk gives notice of hearings to the parties and makes distribution of the Panel's orders as the statute provides and as the Panel may from time to time direct.

The clerk also accumulates files containing complaints and docket sheets, orders of the transferee courts, and other documents related to multidistrict litigation.

The clerk of the Panel also offers assistance to the various district courts whenever possible regarding the administration of multidistrict litigation.

## V. ADMINISTRATION FOLLOWING TRANSFER

Under 28 U.S.C. §1407, the Panel transfers actions to transferee courts for the purpose of conducting coordinated or consolidated pretrial proceedings in the related actions. Upon receipt of a transferred action and continuing through the period of its custody, the transferee court can prepare for the remand of the action to the transferor court if the remand is necessary. The maintenance of a complete and comprehensible record must be one of the major objectives of the transferee court. Therefore, it is recommended that the following procedures be followed upon receipt of the order of transfer.

A. <u>Order of Transfer</u>. Section 1407 requires that orders of the Panel transferring actions be filed with the clerk of the transferee court. **<u>The transfers are effective upon filing of the Panel transfer order in the transferee court</u>**.

1. <u>Multidistrict Litigation Number</u>. The Panel will have assigned a multidistrict litigation docket number to the composite group of actions transferred. [Example: "MDL-2"]. It is recommended that the use of this number be continued in the transferee court as a composite group number or master docket number. It is not recommended

(ii) The civil action numbers assigned by the transferee court to each transferred action;

(iii) The name and mailing address of the judge to whom the actions have been assigned;

(iv) The name, mailing address and telephone number of the clerk and/or deputy clerk of the division in which the action is pending;

(v) A reference to local rules with instructions on how to obtain copies;

(vi) Instructions on how to caption and file motions and other papers;

(vii) Notice that subsequent to transfer all papers must be filed in the transferee court;

(viii) Directions for mailing documents to the Court and the number of copies required;

(ix) A copy of the Practice and Procedure Order, if filed by the transferee court, should be included (many of the items recommended here for inclusion in the letter to the attorneys should also be included in the Practice and Procedure Order); and

(x) Any other information deemed to be helpful in the practice in the transferee court.

D. <u>Orders of Transferee Court, Distribution</u>

1. <u>Practice and Procedure Order</u>. When a group of actions is transferred, a Practice and Procedure Order should be prepared as soon as possible. This is an administrative or housekeeping order recommended for use in all courts. (See Exhibit B, <u>infra</u>.) A copy of this order when entered should be mailed to all counsel whose names appear on the Panel Attorney Service List and to the clerk of the Panel.

2. <u>Subsequent Orders</u>. In addition to making whatever distribution is ordered by the court, a copy of all orders entered by the transferee court following transfer should be forwarded to the clerk of the Panel.

E. <u>The Multidistrict Litigation Docket Sheet</u>

1. <u>Composition of the Docket Sheet</u>. The multidistrict litigation docket sheet should list the short title, the multidistrict number previously assigned by the Panel, and the specific civil action numbers assigned by the transferee clerk. The multidistrict litigation docket sheet should carry the following notation:

G. Liaison Counsel.[1] To facilitate the administration of this litigation and for the convenience of counsel and the court, it is recommended that liaison counsel be appointed by the court. Liaison counsel should be authorized to receive orders and notices from the court on behalf of all parties within their liaison group and should be made responsible for the preparation and transmittal of copies of such orders and notices to the parties within their liaison group. Liaison counsel are also required by Panel Rule 8(e) to receive Panel orders and notices on behalf of all parties within their liaison group and are responsible for distribution to the parties within the liaison group.

Liaison counsel should be responsible for keeping the respective members of their liaison group apprised of the nature of all papers filed. To aid liaison counsel in discharging this duty, in addition to effecting service of pleadings and other papers as required by Rule 5, Federal Rules of Civil Procedure, counsel should be required to serve each liaison counsel. With the consent of the court and the parties, service may be simplified by effecting service on liaison counsel only.

H. Service of Process. After transfer, service of process, including third-party process, sought within the transferee district may be initiated by delivery of the process to the Marshal of the transferee district. If service sought to be effected is in the transferor district, the transferee clerk should forward the process to the Marshal of the transferee district for transmission and service of the process in the transferor district.

## VI. DUTIES OF THE CLERK OF THE TRANSFEROR DISTRICT COURT

The clerk of the Panel sends to the transferee district clerk an order directing the transfer of actions under Section 1407. At that time, the clerk of the Panel sends an information copy of the transfer order to the transferor district clerk. The transferor district clerk should NOT transmit the file until receipt from the transferee clerk of a certified copy of the transfer order.

A. Order of Transfer; Transmission of Record. When the certified copy of the transfer order is received from the transferee district clerk, the transferor district clerk should file the order, make an appropriate entry on each affected docket sheet and immediately forward to the transferee clerk the original files and records and a certified copy of the docket sheet for each action transferred. Retaining a copy of the file in the transferor district court is not necessary and is not recommended.

---

[1] See Manual for Complex Litigation, Second, §20.22 (1985).

U.S.C. §1407(a), or "unless ordered transferred [for trial as well as pretrial] by the transferee judge to the transferee or other district under 28 U.S.C. §§1404(a) or 1406." Panel Rule 14(b). The Panel may also remand any severable claim, cross-claim, counterclaim or third-party claim. Remand may be initiated by the Panel, a party, or the transferee court. See Panel Rule 14 regarding remand.

B. Conditional Remand Orders. When the Panel receives a suggestion from the transferee judge that remand of an action or actions is appropriate, the clerk of the Panel customarily issues a conditional remand order. Under Panel Rule 14(f), a conditional remand order operates in the same manner as a conditional transfer order. The conditional remand order is stayed for a period of fifteen days to afford all parties the opportunity to oppose the remand if they wish to do so. Any party wishing to oppose the remand must file within fifteen days a notice of opposition with the clerk of the Panel. When such a notice of opposition is filed, the conditional remand order is automatically stayed until further order of the Panel. Within the next fifteen days, the opposing party must file and serve on all parties a motion to vacate the conditional remand order and a supporting brief. If the motion papers are not filed within the fifteen days, the opposition is considered to be abandoned and the remand will be processed. Opposed remand orders will be scheduled for hearing before the Panel.

C. Transfer of the File. Upon receipt of an order of the Panel remanding an action or actions, without further order of the transferee district court, the clerk should assemble the record as it pertains to each remanded action and forward it immediately to the appropriate transferor district court. The record should contain the original file received from the transferor court, a certified copy of the multidistrict docket sheet, a certified copy of the individual docket sheet for the action being remanded, a stipulation or designation of the remand record from counsel in accordance with Panel Rule 14(g), and the documents to which it refers.

D. Report of Remanded Actions. When the transferee district clerk has forwarded the files to the transferor court, the transferee district clerk should notify the Administrative Office of the closing by remand. The transferor court should submit to the Administrative Office a notice showing the remanded action reopened.

E. Completion of Coordinated or Consolidated Pretrial Proceedings. Coordinated or consolidated pretrial proceedings are completed when all actions in the multidistrict litigation docket have been terminated in the transferee court, transferred by the transferee judge under 28 U.S.C. §§1404(a) or 1406 for trial as well as pretrial, or remanded by the Panel.

EXHIBIT A--TEXT OF STATUTES AFFECTING PANEL AUTHORITY

Judicial Panel on Multidistrict Litigation

Text of 28 U.S.C. §1407
Text of 15 U.S.C. §78u(g)
Text of January 8, 1988, amendments to 28 U.S.C. §2112(a)

§1407. Multidistrict Litigation

(a) When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions. Each action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated: Provided, however, That the panel may separate any claim, cross-claim, counter-claim, or third party claim and remand any of such claims before the remainder of the action is remanded.

(b) Such coordinated or consolidated pretrial proceedings shall be conducted by a judge or judges to whom such actions are assigned by the judicial panel on multidistrict litigation. For this purpose, upon request of the panel, a circuit judge or a district judge may be designated and assigned temporarily for service in the transferee district by the Chief Justice of the United States or the chief judge of the circuit, as may be required, in accordance with the provisions of chapter 13 of this title. With the consent of the transferee district court, such actions may be assigned by the panel to a judge or judges of such district. The judge or judges to whom such actions are assigned, the members of the judicial panel on multidistrict litigation, and other circuit and district judges designated when needed by the panel may exercise the powers of a district judge in any district for the purpose of conducting pretrial depositions in such coordinated or consolidated pretrial proceedings.

(c) Proceedings for the transfer of an action under this section may be initiated by-

(i) the judicial panel on multidistrict litigation upon its own initiative, or

(ii) motion filed with the panel by a party in any action in which transfer for coordinated or consolidated pretrial proceedings under this section may be appropriate. A copy of such motion shall be filed in the district court in which the moving party's action is pending.

The panel shall give notice to the parties in all actions in which transfers for coordinated or consolidated pretrial proceedings are contemplated, and such notice shall specify the time and place of any hearing to determine whether such transfer shall be made. Orders of the panel to set a hearing and other orders of the panel issued prior to the order either directing or denying transfer shall be filed in the office of the clerk of the district court in which a transfer hearing is to be or has been held. The panel's order of transfer shall be based upon a record of such hearing at which material evidence may be offered by any party to an action pending in any district that would be affected by the proceedings under this section, and shall be supported by findings of fact and conclusions of law based upon such record. Orders of transfer and such other orders as the panel may make thereafter shall be filed in the office of the clerk of the district court of the transferee district and shall be effective when thus filed. The clerk of the transferee district court shall forthwith transmit a certified copy of the panel's order to transfer to the clerk of the district court from which the action is being transferred. An order denying transfer shall be filed in each district wherein there is a case pending in which the motion for transfer has been made.

respect to the same order, the agency, board, commission, or officer concerned shall file the record in the court in which proceedings with respect to the order were first instituted.

"(2) For purposes of paragraph (1) of this subsection, a copy of the petition or other pleading which institutes proceedings in a court of appeals and which is stamped by the court with the date of filing shall constitute the petition for review. Each agency, board, commission, or officer, as the case may be, shall designate by rule the office and the officer who must receive petitions for review under paragraph (1).

"(3) If an agency, board, commission, or officer receives two or more petitions for review of an order in accordance with the first sentence of paragraph (1) of this subsection, the agency, board, commission, or officer shall, promptly after the expiration of the ten-day period specified in that sentence, so notify the judicial panel on multidistrict litigation authorized by section 1407 of this title, in such form as that panel shall prescribe. The judicial panel on multidistrict litigation shall, by means of random selection, designate one court of appeals, from among the courts of appeals in which petitions for review have been filed and received within the ten-day period specified in the first sentence of paragraph (1), in which the record is to be filed, and shall issue an order consolidating the petitions for review in that court of appeals. The judicial panel on multidistrict litigation shall, after providing notice to the public and an opportunity for the submission of comments, prescribe rules with respect to the consolidation of proceedings under this paragraph. The agency, board, commission, or officer concerned shall file the record in the court of appeals designated pursuant to this paragraph.

"(4) Any court of appeals in which proceedings with respect to an order of an agency, board, commission, or officer have been instituted may, to the extent authorized by law, stay the effective date of the order. Any such stay may thereafter be modified, revoked, or extended by a court of appeals designated pursuant to paragraph (3) with respect to that order or by any other court of appeals to which the proceedings are transferred.

"(5) All courts in which proceedings are instituted with respect to the same order, other than the court in which the record is filed pursuant to this subsection, shall transfer those proceedings to the court in which the record is so filed. For the convenience of the parties and in the interest of justice, the court in which the record is filed may thereafter transfer all the proceedings with respect to that order to any other court of appeals".

SEC. 2. CONFORMING AMENDMENT.

Section 509(b) of the Federal Water Pollution Control Act (33 U.S.C. 1369(b)) is amended by striking out paragraph (3) and redesignating paragraph (4) as paragraph (3).

SEC. 3. EFFECTIVE DATE.

The amendments made by this Act take effect 180 days after the date of the enactment of this Act, except that the judicial panel on multidistrict litigation may issue rules pursuant to subsection (a)(3) of section 2112 of title 28, United States Code (as added by section 1), on or after such date of enactment.

EXHIBIT B---PRACTICE AND PROCEDURE ORDER

UNITED STATES DISTRICT COURT

______ DISTRICT OF _________

| | |
|---|---|
| IN RE ________________________ ]<br>______________________________ ]<br>______________________________ ] | MDL DOCKET NO. _____<br>ALL CASES |

PRACTICE AND PROCEDURE ORDER UPON TRANSFER
PURSUANT TO 28 U.S.C. §1407(a)

1. This order shall govern the practice and procedure in those actions transferred to this court by the Judicial Panel on Multi-district Litigation pursuant to their order of (date) as well as all related actions originally filed in this court or transferred or removed to this court. These actions are listed in Schedule A attached hereto. This order shall also govern the practice and procedure in any tag-along actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to Rule 12 of the Rules of Procedure of that Panel subsequent to the filing of the final transfer order by the Clerk of this Court and any related actions subsequently filed in this Court or otherwise transferred or removed to this Court.

2. The actions described in paragraph 1 of this order are [coordinated or consolidated] for pretrial purposes.

3. A signed original of any pleading or paper shall be filed; no copies will be necessary. All papers filed in these actions shall bear the identification "MDL Docket No. _____", and when such paper relates to all these actions, the MDL docket number shall be followed only by the notation "ALL CASES." If such paper does not relate to all of these actions the individual docket numbers assigned by the Clerk of this Court (as listed in Schedule A hereto) of those actions to which the paper relates shall also be listed. If such paper relates to five or fewer actions the abbreviated caption of each of the actions may be listed opposite its number.

4. Any paper which is to be filed in any of these actions shall be filed with the Clerk of this Court and not with the transferor district court.

5. Counsel who appeared in the transferor district court prior to the transfer need not enter a separate appearance before this Court.

6. Prior to the first pretrial conference service of all papers shall be made on each of the attorneys on the Panel Attorney Service List attached hereto as Schedule B. Any attorney who wishes to have his name added to or deleted from such Panel Attorney Service List may

13. All discovery proceedings in these actions are stayed until further order of this Court and the time requirements to perform any acts or file any papers pursuant to Rules 26 through 37, Federal Rules of Civil Procedure, are tolled until the first pretrial conference at which time a discovery schedule will be established.

14. The Court will be guided by the Manual for Complex Litigation, Second approved by the Judicial Conference of the United States and counsel are directed to familiarize themselves with that publication.

15. All other matters will be discussed at the initial pretrial conference to be held on (date). Within ____ days counsel shall furnish suggestions for items to be included on the agenda for this conference.

________________
Date

________________
United States District Judge