(3)

FILED

DEC 17 1990

At 8:30 M
WILLIAM T. WALSH
Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE DONALD J. TRUMP CASINO SECURITIES LITIGATION | MDL DOCKET NO. 864 |
| Sydney L. Kaufman v. Trump's Castle Funding, Inc., et al. | Civil Action No. 90-2349(JFG) |
| Jerome Schwartz v. Trump's Castle Funding, Inc., et al. | Civil Action No. 90-2350(JFG) |
| Peter Stuyvesant, Ltd. v. Donald J. Trump, et al. | [Civil Action No. 90-3826(JBS) (S.D.N.Y.)] |
| Susan Cagan, et al. v. Donald J. Trump, et al. | [Civil Action No. 90-2842(CJP) (E.D.N.Y.)] |

<u>CASE MANAGEMENT ORDER NO. 1</u> 1:90mc 919 (JFG)

TO: ALL COUNSEL ON ATTACHED LIST

It appearing that the above-styled cases have been transferred[1] to this Court for coordinated or consolidated pretrial proceedings pursuant to the Order of the Judicial Panel on Multidistrict Litigation filed December 4, 1990, and that these cases merit attention as complex litigation;

IT IS this 17th day of December, 1990 hereby ORDERED:

1. This order shall govern the practice and procedure in those actions transferred to this court by the Judicial Panel on Multidistrict Litigation pursuant to their order of December 4,

---

1. In addition, two other cases have come to the court's attention as possibly related cases, as to which "tag-along" transfers may be occurring in the future: <u>Fairmont Financial Corp. v. Donald J. Trump, et al.</u>, [Civil Action No. 90-6202(LBS) (S.D.N.Y.)] and <u>Glosser, et al. v. Donald J. Trump, et al.</u>, [Civil Action No. 90-6534(LBS) (S.D.N.Y.)]

1990, as well as all related actions originally filed in this court or transferred or removed to this court. This order shall also govern the practice and procedure in any tag-along actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to Rule 12 of the Rules of Procedure of that Panel subsequent to the filing of the final transfer order by the Clerk of this Court and any related actions subsequently filed in this Court or otherwise transferred or removed to this Court.

2. A signed original of any pleading or paper shall be filed. All papers filed in these actions shall bear the identification "MDL Docket No. 864", and when such paper relates to all these actions, the MDL docket number shall be followed only by the notation "ALL CASES." If such paper does not relate to all of these actions the individual docket numbers assigned by the Clerk of this Court of those actions to which the paper relates shall also be listed. If such paper relates to five or fewer actions the abbreviated caption of each of the actions may be listed opposite its number.

3. Any paper which is to be filed in any of these actions shall be filed with the Clerk of this Court and not with the transferor district court.

4. Any paper filed in any of these actions which is substantially identical to any other paper filed in another of these actions shall be sufficient if it incorporates by reference the paper to which it is substantially identical. Where attorneys for more than one party plan to file substantially

identical papers they shall join in the submission of such papers and shall file only one paper on behalf of all so joined.

5. Any orders including protective orders previously entered by this Court or any transferor district court shall remain in full force and effect unless modified by this Court upon application.

6. Initial Conference. All counsel shall appear for a conference with the undersigned and with United States Magistrate Jerome B. Simandle on the 11th day of January, 1991 at 2:00 P.M., in Courtroom No. 1, U. S. Post Office and Courthouse, 401 Market Street, Camden, New Jersey 08101.

(a) Attendance. Each party represented by counsel shall appear through its attorney who will have primary responsibility for its interests in this litigation. Parties not represented by counsel are expected to appear in person or through a responsible officer. Attendance at the conference will not waive objections to jurisdiction, venue, or service.

(b) Service List. A list of the names and addresses of the persons to whom this order is being mailed is appended. Counsel are requested to advise the Clerk of any additions or corrections to this list and to forward a copy of this order to any other attorneys or parties who should be notified, including those in any additional related cases

that may be filed in, removed to, or transferred to this court before the conference.

7. Purposes; Agenda. The conference will be held for the purposes specified in Fed. R. Civ. P. 16(c) and 26(f), and subject to the sanctions prescribed in Rule 16(f). A tentative agenda is appended. Counsel are encouraged to advise the court as soon as possible of any items that should be added to the agenda at least ten (10) days before the conference.

8. Discovery Memoranda. Not less than ten (10) days before the conference, each party[2] shall submit a Discovery Memorandum to the undersigned and to Magistrate Simandle, as required by General Rule 15A (D.N.J.), and shall serve same upon all counsel, discussing briefly the following points:

1. Short statement of the case, identifying legal and factual issues believed to be common to all cases or unique to one or several cases.
2. Discovery conducted to date.
3. Discovery problems encountered to date.
4. Description of party's further discovery needs.
5. Estimated time to complete factual discovery.
6. Expert witness requirements.
7. Limitations upon use of discovery.

---

2. Counsel representing plaintiffs are asked to coordinate these submissions to the extent possible, to promote greater consensus where reasonably achievable. The court requests that Michael A. Cohan, Esquire, who is plaintiffs' counsel in the first-filed Kaufman case, coordinate the efforts of plaintiffs toward a joint discovery memorandum. Nothing precludes separate plaintiffs' submissions on points for which consensus is not achieved.

8. Special discovery needs and devices to streamline and coordinate discovery efforts.

9. Interim Measures. Until otherwise ordered by the court:

(a) Admission of Counsel. Attorneys admitted to practice and in good standing in any United States District Court are admitted pro hac vice in this litigation. Association of local co-counsel is not required. Counsel desiring admission pro hac vice shall submit their affidavit of good standing and a proposed form of Order to the undersigned. Any attorney admitted pro hac vice shall comply with the General Rules of this Court, and the conduct of each attorney is governed by the Rules of Professional Conduct of the American Bar Association as revised by the New Jersey Supreme Court [see General Rule 6A.]

(b) Pleadings. Each defendant is granted an extension of time for responding by motion or answer to the complaint(s) until a date to be set at the conference.

(c) Discovery. Pending the conference, all outstanding discovery proceedings are stayed and no further discovery shall be initiated. This directive does not preclude informal discovery regarding the identification and location of relevant documents and witnesses. Relief from this stay may be granted for good cause shown, such as the ill health of a proposed deponent.

(d) Preservation of Records. Each party shall preserve all documents and other records containing information potentially relevant to the subject matter of this litigation. Subject to further order of the court, parties may continue routine erasures of computerized data pursuant to existing programs, but they shall (1) immediately notify opposing counsel about such programs and (2) preserve any printouts of such data. Counsel shall further advise their clients of the duty to preserve such documents.

10. Designation of Magistrate. All pretrial judicial duties related to case management, discovery, amendments to pleadings, joinder of new parties and all non-dispositive motions

will be performed by United States Magistrate Jerome B. Simandle, pursuant to 28 U.S.C. §636(b)(1)(A) and General Rule 40 (D.N.J.), together with such dispositive matters as may be referred to the Magistrate upon a report-and-recommendation basis pursuant to 28 U.S.C. §636(b)(1)(B).

JOHN F. GERRY
Chief Judge

AGENDA FOR JANUARY 11, 1991
(Subject to Change)

1. Review Discovery Memoranda

2. Review provisions of Case Management Order #1

3. Discuss phasing of discovery and methods to facilitate discovery.

4. Hearing upon motion for appointment of plaintiffs' lead counsel. Any opposition is due seven (7) days before Conference.

5. Consider whether Omnibus Complaint should be formulated.

6. Establish motion schedule for class-certification motions.

7. Establish dates for filing responsive pleadings, and for dismissal motion practice.

8. Other items of concern, suggested by counsel and added to Agenda at least ten (10) days before conference.

SERVICE LIST

IN RE DONALD J. TRUMP CASINO SECURITIES LITIGATION
MDL NO. 864

Michael A. Cohan, Esquire
Cohan & Eckhaus
21 Ernston Road
P. O. Box 200
Parlin, New Jersey 08859
and
Howard A. Specter, Esquire
David J. Manogue, Esquire
Specter Law Offices
2230 Grant Building
Pittsburgh, Pennsylvania 15219
Attorneys for Plaintiff
Sidney Kaufman

Michael A. Cohan, Esquire
Cohan & Eckhaus
21 Ernston Road
P. O. Box 200
Parlin, New Jersey 08859
and
Gene Mesh, Esquire
Gene Mesh & Associates
3133 Burnet Avenue
P. O. Box 29073
Cincinnati, Ohio 45229
Attorneys for Plaintiff
Jerome Schwartz

Edward Labaton, Esquire
Goodkind, Labaton & Rudoff
122 E. 42nd Street
New York, New York 10168
Attorneys for Plaintiff
Peter Stuyvesant, Ltd.

Stuart D. Wechsler, Esquire
Wechsler, Skirnick Harwood
Halebian & Feffer
555 Madison Avenue
New York, New York 10022
Attorneys for Plaintiffs
Susan Cagan, et al.

Richard D. Greenfield, Esquire
Greenfield & Chimicles
361 West Lancaster Avenue
P. O. Box 100
Haverford, Pennsylvania 19041-0100

Attorneys for Plaintiff
Fairmont Financial Corp.

Richard L. Rosen, Esquire
Willkie, Farr & Gallagher
153 East 53rd Street
New York, New York 10022
Attorneys for Defendants
Donald J. Trump, Robert S. Trump, John O'Donnell, Nathan Katz, Tim Maland, Francisco Tejeda, Julian Menarguez, Harvey I. Freeman, Paul Henderson, C. Patrick McKoy, Edward M. Tracy, Michael S. Vautrin, Jeffrey A. Ross, John P. Belisle and Timothy G. Rose

John J. Barr, Esquire
Clapp & Eisenberg
80 Park Plaza
Newark, New Jersey 07102
Attorneys for Defendants
Trump's Castle Funding, Inc., Trump's Castle Associates Limited Partnership, Trump Taj Mahal Funding, Inc., Trump Taj Mahal Associates Limited Partnership, Trump Plaza Funding, Inc., Trump Plaza Associates, The Trump Organization, Inc. and Trump Taj Mahal, Inc.

C. "Bucky" Willard, Pro Se
Trump Taj Mahal Funding, Inc.
Trump Hotel Corporation
The Boardwalk and Pennsylvania Avenue
Atlantic City, New Jersey 08401