(7)

FILED
At 8:30 ......M
WILLIAM T. WALSH
CLERK
JAN - 2 1991

FILED
At 8:30 ......M
WILLIAM T. WALSH
CLERK
JAN - 2 1991

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| IN RE DONALD J. TRUMP | : | |
| CASINO SECURITIES LITIGATION | : | MDL DOCKET NO. 864 |
| | : | ALL CASES |

1: 90mc 919 (JFG)

---

**PLAINTIFFS' DISCOVERY MEMORANDUM**
**FOR JANUARY 11, 1991**
**SCHEDULING CONFERENCE**

---

Michael A. Cohan, Esquire
**COHAN & ECKHAUS**
21 Ernston Road
P.O. Box 200
Parlin, NJ 08859
(201) 727-8440

ATTORNEYS FOR PLAINTIFF
AND THE CLASS
MC 4654

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| IN RE DONALD J. TRUMP CASINO SECURITIES LITIGATION | : | MDL DOCKET NO. 864 ALL CASES |

**PLAINTIFFS' DISCOVERY MEMORANDUM**
**FOR JANUARY 11, 1991 SCHEDULING CONFERENCE**

**INTRODUCTION**

Undersigned counsel for plaintiffs submit this Discovery Memorandum pursuant to the Court's Order dated December 17, 1990.[1] Pursuant to that Order, Michael A. Cohan undertook to coordinate

[1]At present, there are four cases pending before this Court. On December 14, 1990, the Judicial Panel on Multidistrict Litigation entered conditional transfer orders in Fairmont Financial Corp., et al. v. Donald J. Trump, et al. (S.D.N.Y. C.A. No. 90-6202), Fred Glosser, et al. v. Donald J. Trump, et al. (S.D.N.Y. C.A. 90-6534), Robert Kloss v. Donald J. Trump, et al. (E.D.N.Y. C.A. 90-3516), which actions, if not opposed by January 2, 1991, will result in the transfer of those cases to this Court as well. Plaintiffs' counsel do not expect that transfer will be opposed by any party.

the efforts of plaintiffs toward a joint discovery memorandum. The views of all plaintiffs' counsel were sought and drafts of this memorandum were submitted to all known plaintiffs' counsel. All plaintiffs' counsel have responded, and this Memorandum is the result of their consultation.

## I. STATEMENT OF THE CASES

The seven class action cases which are either before this Court at present or which shortly will be transferred to this Court each arise out of violations of the federal securities laws and regulations in connection with the issuance of bonds to provide financing for three Atlantic City casinos owned or controlled by Donald J. Trump ("Trump"). Exhibit "A" annexed to this Memorandum summarizes the bonds and plaintiffs' counsel involved in each case.

It is alleged in each complaint that Trump and the other defendants engaged in a course of conduct that concealed and misrepresented information concerning Trump's finances, and that these concealments and misrepresentations helped to establish an artificially inflated interest in and price for the casino bonds on the open market. Relying on the integrity of the open market, plaintiffs, along with thousands of others, purchased the bonds at artificially inflated prices.

In particular, plaintiffs allege that defendants misrepresented or failed to disclose, and/or aided and abetted in the distribution of materially false statements concerning the ability

to service debt on the bonds. Other common factual issues include whether the market prices of the bonds were artificially inflated due to this course of conduct, and whether defendants acted willfully or recklessly.

Legal issues to be determined include whether defendants have violated the federal securities laws and regulations promulgated thereunder. Also to be determined is whether Defendant Trump is a control person of Trump's Castle, Trump Taj or Trump Plaza within the meaning of the federal securities laws. Furthermore, it must be determined whether these cases can be maintained as class actions under Federal Rule of Civil Procedure 23.

## II. DISCOVERY CONDUCTED TO DATE

Plaintiffs have obtained possession of numerous documents from the Securities and Exchange Commission and the New Jersey Casino Control Commission. Plaintiffs have also received a limited number of documents from the defendants.

Written discovery requests have been served upon defendants by plaintiffs in several cases. No written response to these requests has been served. It is anticipated that supplementary requests to those already served will also be required. Plaintiffs' counsel in the *Fairmont* case have agreed with defendants' counsel to coordinate their discovery with the *Stuyvesant* case.

## III. DISCOVERY PROBLEMS ENCOUNTERED TO DATE

Defendants have not completely responded to written discovery requests. It is anticipated that answers will be forthcoming now that the Judicial Panel on Multidistrict Litigation has acted.

## IV. A DESCRIPTION OF PLAINTIFFS' FURTHER DISCOVERY NEEDS

Plaintiffs currently are in need of discovery of all requested documents from all named defendants. This discovery includes all documents relating to the defendants' ability to service debt on the bonds, their net worth, and financial analyses of accountants, consultants and underwriters from December 1, 1987 until today. Furthermore, Interrogatories previously served have yet to be answered, or for that matter, objected to. Plaintiffs may also need to serve supplementary written discovery upon defendants.

Upon analysis of the documents produced, plaintiffs anticipate a lengthy deposition schedule, as numerous witnesses will have to be deposed, including defendants and third-party witnesses. Additionally, the proceedings and findings of the New Jersey Casino Control Commission will continue to have bearing on the plaintiffs' discovery strategies. Some limited discovery may also be required on class certification issues in each of the cases in the event that defendants do not stipulate to class certification.

## V. PLAINTIFFS' ESTIMATE OF THE TIME NEEDED FOR DISCOVERY

Given the complex nature of these related cases and the numerous depositions that will be required, plaintiffs estimate that nine months will be required to complete discovery, if responses to interrogatories and document requests are timely and the defendants comply with their discovery obligations in good faith.

## VI. EXPERT TESTIMONY WILL BE REQUIRED

Expert testimony will be required to assist both the parties and the Court in understanding defendants' accounting records and financial reports. Plaintiffs also submit that expert testimony may be required to demonstrate the effect that defendants' material misrepresentations of fact had on the bond market. Expert testimony may also be required to determine plaintiffs' damages. Plaintiffs anticipate that suitable experts could be retained within ninety (90) days if necessary, and that these experts could submit their reports sometime shortly after the end of the fact discovery process.

## VII. LIMITATIONS UPON USE OF DISCOVERY

Plaintiffs would not object to a reasonably crafted protective order on the use and/or dissemination of defendants' legitimately confidential materials.

## VIII. SPECIAL DISCOVERY NEEDS

Separate discovery will have to be conducted concerning all bond issues and casinos, although there will also be very substantial discovery concerning the financial fitness of the Trump empire generally. Counsel for plaintiffs believe that with the anticipated cooperation of all the parties it will be possible to coordinate all discovery so that it will not be necessary to repeat general or common discovery during investigation into the individual casino claims.

**COHAN & ECKHAUS**

By: Michael A. Cohan DJM
Michael A. Cohan

21 Ernston Road
P.O. Box 200
Parlin, NJ 08859

**GENE MESH & ASSOCIATES**

By: Robert B. Matusoff DJM
Robert B. Matusoff

2030 Kettering Tower
Dayton, OH 45423

**SPECTER LAW OFFICES, P.C.**

By: Howard A. Specter DJM
Howard A. Specter

2230 Grant Building
Pittsburgh, PA 15219

**GREENFIELD & CHIMICLES**

By: Richard D. Greenfield DJM
Richard D. Greenfield

One Haverford Centre
Haverford, PA 19041

**GOODKIND LABATON & RUDOFF**

By: Edward Labaton DJM
Edward Labaton

122 East 42nd Street
New York, NY 10168

**BARRACK RODOS & BACINE**

By: Gerald J. Rodos DJM
Gerald J. Rodos

1845 Walnut Street - Suite 2100
Philadelphia, PA 19103

**WECHSLER SKIRNICK HARWOOD HALEBIAN & FEFFER**

By: Stuart D. Wechsler DJM
Stuart D. Wechsler

555 Madison Avenue
New York, NY 10022

**ZWERLING SCHACHTER & ZWERLING**

By: Robert S. Schachter DJM
Robert S. Schachter

800 Third Avenue
New York, NY 10022

**BERGER & MONTAGUE, P.C.**

By: Todd S. Collins DJM
Todd S. Collins

1622 Locust Street
Philadelphia, PA 19104

**GARWIN BRONZAFT GERSTEIN & FISHER**

By: Bruce E. Gerstein DJM
Bruce E. Gerstein

1501 Broadway - Suite 1416
New York, NY 10036

**MARTIN VAN de WALLE GUARINO & DONOHUE**

By: Charles R. Van de Walle DJM
Charles R. Van de Walle

17 Barstow Road
Great Neck, NY 11021

EXHIBIT "A"

# TRUMP BONDHOLDERS' LITIGATION SUMMARY

| CASE | COURT | CASTLE 13 3/4% A-1 $226,800,000 | CASTLE 7% A-2 $125,000,000 | TAJ 14% A $675,000,000 | PLAZA 12 7/8% $250,000,000 |
|---|---|---|---|---|---|
| **Sidney Kaufman v. Trump's Castle Funding, Inc., et al.**<br>Howard A. Specter<br>SPECTER LAW OFFICES, P.C.<br>2230 Grant Building<br>Pittsburgh, PA 15219 | USDC/NJ<br>No. 90-2349 (JFG)<br>06/15/90 | X | X | X | |
| **Jerome Schwartz v. Trump's Castle Funding, Inc., et al.**<br>Gene I. Mesh<br>GENE MESH & ASSOCIATES<br>3133 Burnet Avenue<br>Cincinnati, OH 45229 | USDC/NJ<br>No. 90-2350 (JFG)<br>06/15/90 | X | X | X | |
| **Peter Stuyvesant, Ltd. v. Donald J. Trump, et al.**<br>Edward Labaton<br>GOODKIND LABATON & RUDOFF<br>122 East 42nd Street<br>New York, NY 10168 | USDC/SDNY<br>No. 90-3826 (JBS)<br>06/05/90 | X | X | | X |
| **Susan Cagan, et al. v. Donald J. Trump, et al.**<br>Robert I. Harwood<br>WECHSLER SKIRNICK HARWOOD HALEBIAN & FEFFER<br>555 Madison Avenue<br>New York, NY 10022<br><br>Robert S. Schachter<br>ZWERLING, SCHACHTER & ZWERLING<br>800 Third Avenue<br>New York, NY 10022 | USDC/EDNY<br>No. 90-2842<br>08/09/90 | | | X | |

Todd S. Collins
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19104

| | | |
|---|---|---|
| **Fairmont Financial, et al. v. Donald J. Trump, et al.**<br>Mark C. Rifkin<br>GREENFIELD & CHIMICLES<br>One Haverford Centre<br>361 West Lancaster Avenue<br>Haverford, PA 19041 | USDC/SDNY<br>No. 90-6202 (LBS)<br>09/26/90 | X |
| **Robert and Helen Kloss v. Donald J. Trump, et al.**<br>Bruce E. Gerstein<br>Scott W. Fisher<br>GARWIN BRONZAFT GERSTEIN & FISHER<br>1501 Broadway - Suite 1416<br>New York, NY 10036 | USDC/EDNY<br>No. 90-3516<br>10/12/90 | X |
| **Fred Glosser and Herman Krangel v. Donald J. Trump, et al.**<br>Charles R. Van de Walle<br>MARTIN VAN de WALLE GUARINO & DONOHUE<br>17 Barstow Road<br>Great Neck, NY 11021<br><br>Leonard Barrack<br>Gerald J. Rodos<br>BARRACK RODOS & BACINE<br>Suite 2100<br>1845 Walnut Street<br>Philadelphia, PA 19103 | USDC/SDNY<br>No. 90-6534<br>10/08/90 | X |

**CERTIFICATE OF SERVICE**

The undersigned attorney for Plaintiffs certifies that a true and correct copy of the Plaintiffs' Discovery Memorandum for January 11, 1991 Scheduling Conference was served upon the following by United States first class mail, postage pre-paid, on the 31st day of December, 1990, addressed to:

Stuart J. Baskin, Esquire
SHEARMAN & STERLING
153 East 53rd Street
New York, NY 10022

Lori Taylor
Mississippi Avenue and
the Boardwalk
Atlantic City, NJ 08401

Richard L. Posen, Esquire
WILLKIE FARR & GALLAGHER
153 East 53rd Street
New York, NY 10022

John J. Barry, Esquire
CLAPP & EISENBERG
A PROFESSIONAL CORPORATION
80 Park Plaza
Newark, NJ 07102

C. "Bucky" Willard
Trump Taj Mahal Funding, Inc.
Trump Hotel Corporation
The Boardwalk and
Pennsylvania Avenue
Atlantic City, NJ 08404

David J. Manogue

# SPECTER LAW OFFICES, P.C.

2230 GRANT BUILDING
PITTSBURGH, PA 15219
412-642-2300
ERIE, PA
814-455-2399
MEADVILLE, PA
814-337-0700
NEW CASTLE, PA
412-656-1400
FAX
412-642-2309

December 31, 1990

File No. 10146

VIA FEDERAL EXPRESS

William T. Walsh, Clerk
United States District Court
for the District of New Jersey
U.S. Courthouse and Post Office
401 Market Street
Camden, NJ 08101

RECEIVED
JAN -2 1991

**Re: Donald J. Trump Casino Securities Litigation**
**MDL Docket No. 864**

Dear Mr. Walsh:

In keeping with Chief Judge Gerry's Order, and at Attorney Michael A. Cohan's request, we enclose for filing Plaintiffs' Discovery Memorandum for January 11, 1991 Scheduling Conference.

Very truly yours,

David J. Mahogue

David J. Mahogue
DJM:klw
Enclosure

cc: The Honorable John F. Gerry (w/enclosure)
The Honorable Jerome B. Simandle (w/enclosure)
All Plaintiffs' and Defendants' Counsel (w/enclosure)