# BERLACK, ISRAELS & LIBERMAN

120 WEST 45TH STREET
NEW YORK, N.Y. 10036

(212) 704-0100

KENNETH R. ASHER
HARVEY S. BERENSON
DOUGLAS E. DAVIDSON
M. JACK DUKSIN
STEVEN E. GREENBAUM
JAMES B. LIBERMAN
JESSE R. MEER
ROBERT M. MILLER
HARVEY F. MILMAN
STEPHEN B. SELBST
MARTIN S. SIEGEL
DAVID A. STRUMWASSER
EDWARD S. WEISFELNER
STEPHEN H. WHITMORE

CABLE: BERILIB
TELECOPIER: (212) 704-0186
TELEX: 222707

GERALD W. CONWAY*
CHARLES S. CORBEN
COUNSEL

*ADMITTED IN NEW JERSEY ONLY

ROBERT O. SCHMICKER
SENIOR ATTORNEY

October 2, 1991

The Honorable Jerome B. Simandle
United States Magistrate
Unites States District Court
District of New Jersey
United States Court House
Camden, NJ 08101

  Re: In Re Donald J. Trump Casino Securities Litigation,
     MDL No. 864 (Taj Mahal)

Honorable Sir:

  We are counsel to the Steering Committee (the "Committee") of bondholders in connection with the restructuring of the Trump Taj Mahal. The Committee is comprised of institutions which collectively own or represent approximately 70% of the current holders of the Taj Mahal bonds.

  I am writing to express the Committee's great concern and displeasure with the news I received today that a majority of the lawyers' committee (the "lawyers' committee") representing the plaintiffs in the class action currently pending before Your Honor have chosen to renounce the Memorandum of Understanding (the "Memorandum"). The terms of the Memorandum were agreed to last April and were disclosed in the solicitation materials mailed to all bondholders in connection with their voting on the plan of reorganization for the Taj Mahal. As you may know, that reorganization plan was confirmed on August 28, 1991 by Bankruptcy Judge Gambardella.

  It is my understanding that the lawyers committee does not, as a matter of law, represent the bondholders because a class has not yet been certified; more fundamentally, their position in renouncing the Memorandum is directly contrary to the bondholders' interests. The lawyers' committee made this determination without any consultation with me or any of my clients and indeed without any disclosure of their decision or the reasons for it.

The Taj Mahal bankruptcy is scheduled to close this Friday, October 4, 1991. The closing represents the culmination of many months of arduous negotiations. Upon closing, my clients and all of the other holders of Taj Mahal bonds will become 50% owners of Trump Taj Mahal. Thus, if the legal committee's action in renouncing the Memorandum were to go uncorrected, the suit would continue to proceed against an entity owned in large part by the class members. This literally would force the Taj to fund the defense of a lawsuit pursued by its new equity holders against, in effect, themselves. This would be an illogical and counter-productive result. Moreover, our clients regard the proposed class settlement as extremely fair to the bondholders.

The Committee believes that the legal committee's actions are not in the best of the bondholders. I am writing to ask the Court to intervene so that members of the purported class can be given an opportunity to decide their own fate. Accordingly, I would request the opportunity to be heard before the Court and, if necessary, to make a formal motion that members of the class be given an opportunity to vote on whether the settlement, the terms of which have already been fully disclosed and which played a part in votes already cast in the bankruptcy proceeding, is still desired by the parties which the legal committee purports to represent. To that end, I am also willing to assist in assuring that adequate notice of the proposed finalization of the settlement is given to the class.

Respectfully,

Robert M. Miller

RMM:mem

cc: The Honorable John F. Gerry
    Richard Greenfield, Esq.
    Stuart Wechsler, Esq.
    Richard Posen, Esq.
    Stuart Baskin, Esq.

PC36-F:\20052\LETTERS\SIMANDLE.LTR