# WILLKIE FARR & GALLAGHER

New York
Washington, DC
London
Paris

<u>VIA FEDERAL EXPRESS</u>

October 8, 1991

The Honorable Jerome B. Simandle
United States Magistrate
United States District Court
District of New Jersey
United States Court House
Camden, New Jersey 08101

Re: In re Donald J. Trump Casino Securities Litigation
    <u>MDL No. 864 (Taj Mahal)</u>

Your Honor:

This firm is counsel to the Trump Defendants in the above-referenced litigation. I am writing in response to the letter I received from Todd Collins, one of plaintiffs' counsel, in which Mr. Collins attempted to set out the justification for the refusal of some of plaintiffs' counsel to abide by the agreement we had reached and memorialized in the Memorandum of Understanding more than five months ago. I also write to renew my suggestion that this Court should allow the members of the bondholder class to decide whether they wish to approve the settlement.

This is an unusual class action case. Although a class has not yet been certified, it is not necessary to guess the wishes of the class. A majority of the bondholders in the Taj Mahal have agreed to have their interests represented by Robert Miller, counsel to the bondholders Steering Committee. They have also already voted in favor of a plan of reorganization, which included the settlement terms among its comprehensive disclosures. Mr. Miller

One Citicorp Center
153 East 53rd Street
New York, NY 10022-4669
212 935 8000

Telex: RCA 233780
RCA 238826
WU 12 7679
Fax: 212 752 5901

The Honorable Jerome B. Simandle
October 8, 1991
Page 2

wrote to this Court on October 2, 1991 and made clear that his clients wish to approve the settlement, and that neither he nor any of them had been consulted by current plaintiffs' counsel.

In light of all of these facts, I would respectfully submit that the interests of the class are best served by giving them an opportunity to determine whether this settlement agreement is one they wish to effectuate. The Trump Defendants would have no objection to allowing those class counsel who believe the settlement is not in the interests of the class to disclose that view in the solicitation materials. It remains our view, however, that the only rational decision for the bondholders would be to approve the settlement.

Nothing plaintiffs have learned in discovery changes that reality. Certainly, the report of Laventhol & Horwath, upon which plaintiffs place such great reliance, does not support the decision to abandon the settlement agreement. This is true for at least three reasons. First, the Laventhol & Horwath report, prepared by an entity that is itself now in Chapter 7, more than a year before the Prospectus, states on its face that it cannot be used for the purpose to which plaintiffs' counsel seek to apply it.

> Our report is intended solely for the information of the officers, directors and shareholders of Resorts International, Inc. and, if desired, the Casino Control Commission of New Jersey. Otherwise, neither this report nor its contents may be referred to or quoted in any registration statement, prospectus loan or other agreement or document . . . .

Laventhol & Horwath Report p. 2. Secondly, as Merrill Lynch points out in its submission, if the methodology of the Laventhol & Horwath report is applied to data that was known at the time of the Prospectus, the report would have shown that the Taj would generate sufficient profits to service its debt. Third, and perhaps most importantly, plaintiffs' counsel are hard-pressed to claim that the Laventhol & Horwath report is anything new at all. It was made a matter of public record with the Casino Control Commission in 1987. These same plaintiffs' counsel previously represented Resorts shareholders and bondholders. During that representation, they claimed that the Taj had _greater_ value than that disclosed in

The Honorable Jerome B. Simandle
October 8, 1991
Page 3

various appraisals, and had every reason to learn of the Laventhol & Horwath report, which was far more relevant to those claims.

The other facts allegedly learned in confirmatory discovery are wholly without significance and provide no basis for walking away from a deal that the Defendants negotiated in good faith. We wholly concur in Merrill Lynch's response to the remaining matters raised in Mr. Collins' letter, and do not believe further response is required. We further note that even plaintiffs' counsel does not suggest that anything learned in discovery of any of the Trump witnesses, Steven Bollenbach, the Chief Financial Officer of The Trump Organization, Scott Turicchi, the investment banker at Donaldson Lufkin & Jenrette principally involved in the Taj restructuring, or indeed Donald Trump himself, is inconsistent with the agreement counsel executed.

What is equally clear from the confirmatory discovery is that plaintiffs' counsel never intended to use those depositions either to learn new evidence or to confirm the appropriateness of the deal they had struck. Instead, they sought to use discovery to promote themselves and set off "fireworks". See N.Y. Post September 26, 1991 p.6. They engaged in the charade of deposing parties such as Mr. Roffman, a third party with whom they had already spoken prior to filing their complaint. Mr. Roffman testified that plaintiffs' counsel had asked him to "read the Trump Taj Mahal prospectus to see if I could find something in there that might be able to get the people who wrote it in trouble." Roffman Tr. 42. Mr. Roffman, who testified that based upon his reading of the Prospectus he had recommended to various clients and registered representatives that they not purchase Taj bonds (Roffman Tr. 18-19), had not agreed to perform that function for plaintiffs counsel.

The Trump Defendants continue to believe that they made a binding deal, and they would like to consummate that agreement. The Memorandum of Understanding provided that plaintiffs should be entitled to confirmatory discovery, and the Trump defendants and Merrill Lynch have provided that discovery. Now that the discovery is completed, it is time to close the deal. If plaintiffs counsel, acting for reasons that seem more related to the private agendas of their clients or personality conflicts between them, are not willing to do so, this Court should intervene to assure that the interests of the class are protected.

The Honorable Jerome B. Simandle
October 8, 1991
Page 4


I look forward to the opportunity to discuss these matters further during the conference call the Court has scheduled for Wednesday, October 9, 1991 at 5:00 P.M.

Respectfully submitted,

Richard L. Posen

RLP/ett

cc: The Honorable John F. Gerry (by Federal Express)
    John J. Barry, Esq. (by facsimile)
    Stuart J. Baskin, Esq. (by facsimile)
    Todd Collins, Esq. (by facsimile)
    Richard Greenfield, Esq. (by facsimile)
    Carl Poplar, Esq. (by facsimile)
    Stuart Wechsler, Esq. (by facsimile)
    Robert Miller, Esq. (by facsimile)