Jonathan Plasse (JP 7515)
LABATON SUCHAROW & RUDOFF LLP
100 Park Avenue
New York, NY 10017
Tel. (212) 907-0700
Fax (212) 818-0477

Lead Counsel for Plaintiffs and the Class

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------- x
                                :
In re DONALD J. TRUMP CASINO SECURITIES    : Civil Action No.
LITIGATION—TRUMP CASTLE AND TRUMP PLAZA : 1:90-MC-0919 (JFG)
ACTIONS                         : MDL Docket No. 864
                                :
------------------------------- x

## DECLARATION OF JONATHAN M. PLASSE

I, JONATHAN M. PLASSE, declare as follows:

1. I am a member of the firm of Labaton Sucharow & Rudoff LLP, Lead Counsel for Plaintiffs in the above-titled securities class action. I am fully familiar with the facts and circumstances of this matter and make this declaration upon my personal knowledge, as well as upon information and belief, the basis of which is a review of our office's case files for this matter and ongoing interaction with the Settlement Administrator, the Garden City Group, Inc. ("GCG").

2. I submit this Declaration in support of Plaintiffs' Motion for an Order: (1) authorizing distribution of the residual balance of the settlement fund as specified herein and (2) permitting the Settlement Administrator, GCG, to dispose of all claim forms and supporting documentation submitted in connection with this litigation.

3. This securities class action was settled pursuant to the terms of a Stipulation of Settlement dated as of March 10, 1992, annexed hereto as Exhibit A. The cash portion of the

Settlement amounted to $1,350,000, before attorney's fees and expenses. The Settlement was approved by this Court pursuant to an Order and Final Judgment dated August 17, 1992.

4. GCG, as successor in interest to the Settlement Administration Services ("SAS") practice of KPMG Peat Marwick, was engaged to serve as Settlement Administrator over the settlement of this litigation.

5. Pursuant to an Order of this Court dated August 8, 1994, annexed hereto as Exhibit B, GCG distributed the Settlement Funds to eligible Class members and made attempts to contact those class members whose checks were returned as undeliverable or remained uncashed, as further described in the Affidavit of Shandarese Garr, dated December 20, 2006, filed herewith.

6. However, as attested to by Ms. Garr, there is a remaining unpaid balance in the Settlement Fund after distribution to class claimants, payment of late claims, payment of Court-approved expenses and payment of applicable taxes, totaling $10,558.90. (Garr Aff. at ¶5).

7. Accordingly, Plaintiffs' Lead Counsel respectfully requests that the residual balance of the Settlement Fund be distributed in equal shares to the following two charities: the Lawyers' Committee for Civil Rights Under Law and the Institute for Law & Economic Policy ("ILEP").

8. The Lawyers' Committee for Civil Rights Under Law is a nonpartisan nonprofit organization formed in 1963 at the request of President John F. Kennedy to marshal *pro bono* resources of the private bar to combat discrimination and secure equal justice for minorities under the law. The Committee's major objective is to use the skills and resources of the bar to obtain equal opportunity for minorities. The Committee works with the private bar to advocate in the areas of employment and housing discrimination, voting rights, education and environmental justice. Their combined efforts have resulted in, *inter alia*: the first seizure order in a fair housing case leading to the exposure of a decade-old racially biased coding system that denied apartments to

6,000 African-Americans in Miami, Florida; the relocation of 358 African-American families living in close proximity to a Superfund site in Pensacola, Florida; and several U.S. Supreme Court decisions that strengthen the opportunities for minority voters to meaningfully participate in the democratic process.

9.   ILEP is a national not-for-profit organization based in Philadelphia, PA. ILEP sponsors conferences focusing on the administration of civil justice. Contributors to these conferences have included Paul V. Niemeyer, Chairman of the Judicial Conference Committee on Rules of Civil Procedure; Professor Edward Cooper, Reporter to the Committee; Hon. Michael B. Mukasey, Southern District of New York; Hon. Stanley Sporkin, District of Columbia; Harvey Goldschmid, Former Commissioner of the Securities and Exchange Commission ("SEC"); Richard Walker, Director of Enforcement, SEC; A. P. Sommers, Former Chairman of the SEC; as well as many professors of law, including Joel Seligman, President of the University of Rochester, and James D. Cox, Duke University School of Law.

10.   ILEP's mission is to:

> [F]ormulate policy positions on issues involving the administration of civil justice within the American legal system. These issues include existing legal protections of all consumers and protection of the public interest in maintaining a safe environment. In addition, ILEP will focus on the issues of government regulation, preservation of competition, and free and fair markets.

11.   Copies of the agendas from ILEP-sponsored symposia (the most recent was held in May 2006) are annexed hereto as Exhibits C and D. Such symposia have generated discussion in both legal and academic communities, *see, e.g.*, Richard H. Walker and J. Gordon Seymour, Recent Judicial and Legislative Developments Affecting the Private Securities Fraud Class Action, 40 Ariz. L. Rev. 1003 (1998), which was initially presented at a symposium in 1998. This article was cited by the Ninth Circuit in its decision in In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 975 (July 2, 1999).

3

12. Accordingly, for all the above reasons, the undersigned and GCG respectfully request that the Court enter the annexed proposed order: (1) authorizing distribution of the residual balance of the Settlement Fund as specified herein and (2) permitting the Settlement Administrator, GCG, to dispose of all claim forms and supporting documentation submitted in connection with this litigation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this /14 day of December, 2006.

_____
JONATHAN M. PLASSE